UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────────┐
│  UNITED STATES OF AMERICA,                    │
│                    Plaintiff,                 │
│  -against-                                    │
│  WILLIAM THOMAS,                              │
│                    Defendant.                 │
└─────────────────────────────────────────────┘
```

17 Cr. 350 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant William Thomas' request for release on the ground that the Bureau of Prisons (the "BOP") has erred in computing his sentence. (See Letter from William Thomas ("Mot."), dated Aug. 12, 2020 [dkt. no. 1286].) For the following reasons, his request is DENIED.

I.   FACTUAL BACKGROUND

On October 18, 2017 Mr. Thomas was charged with conspiring to distribute oxycodone. (See Complaint, dated Oct. 18, 2017 [dkt. no. 1].)  Mr. Thomas pled guilty to one count of conspiring to distribute narcotics. (Judgment in a Criminal Case, dated Sept. 10, 2019 [dkt. no. 1212].)  On September 10, 2019, this Court sentenced Mr. Thomas to a term of forty-eight months' incarceration to run concurrently with his state court sentence, followed by a period of five years of supervised release. (Transcript, dated Sept. 10, 2019 [dkt. no. 1220], at 14-15.)

1

On August 25, 2020 Mr. Thomas submitted a letter requesting release on the basis that the BOP has erred in the computation of his sentence.  In his letter, Mr. Thomas specifically questioned why the BOP is crediting him only for serving twenty-one months when, he argues, he has served thirty-three.  (See Mot. at 1.) The Government submitted a letter in response on September 3, 2020, expressing its view that Mr. Thomas' request is premature because Mr. Thomas has failed to exhaust available administrative remedies.  (Letter from Andrew C. Adams ("Opp."), dated Sept. 3, 2020 [dkt. no. 1290].)

II.  APPLICABLE LAW

    a. 18 U.S.C. Section 2241

The appropriate vehicle for an attack on the BOP's computation of a lawfully imposed sentence is through a petition pursuant to 28 U.S.C. Section 2241.  See Jiminian v. Nash, 245 F.3d 144,146 (stating that a motion pursuant to 18 U.S.C. Section 2241 is brought to challenge the execution of a federal prisoner's sentence, including "computation of a prisoner's sentence by prison officials.").  Prior to filing a petition pursuant to Section 2241, however, an inmate must first exhaust administrative appeals.  See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629,634. Absent a showing of cause and prejudice, this exhaustion requirement demands that "appeals proceed in the first instance through the federal agency review process" because doing so "could

potentially obviate the need for judicial review [and] develop the
factual record at the agency level." See id. A federal inmate
who seeks to challenge his sentence computation must first seek
relief under the BOP's four-step Administrative Remedy Program;
only after these four steps have been completed may an inmate file
an action in federal court. See, e.g., U.S. v. Al-Marri, 239 F.
Supp.2d. 366, 367 (S.D.N.Y. 2002); see also 28 C.F.R § 542.13.

Failure to exhaust administrative remedies is only excused if
the prisoner makes "a showing of cause for his dereliction and
consequent prejudice." Carmona 243 F.3d at 633. If there are
"legitimate circumstances beyond the prisoner's control [which]
preclude him from fully pursuing his administrative remedies" the
failure is excused. Id. at 634. "Exhaustion of administrative
remedies may not be required when '(1) available remedies provide
no genuine opportunity for adequate relief; (2) irreparable injury
may occur without immediate judicial relief; (3) administrative
appeal would be futile; and (4) in certain instances a plaintiff
has raised a substantial constitutional question.'" Beharry v.
Ashcroft, 329 F.3d 51,62 (quoting Able v. United States, 88 F.3d
1280, 1288 (2d Cir. 1996)).

b. 18 U.S.C. Section 3585(a)

18 U.S.C. Section 3585(a) governs the date a federal sentence
commences. It provides that "[a] sentence to a term of
imprisonment commences on the date the defendant is received in

custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. §3585(a). Regarding credit for prior custody, a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1)as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. 3585(b) (emphasis added). The BOP is precluded from granting credit for time in pre-sentence detention that has already been credited towards another sentence. See U.S. v. Arroyo, 324 F. Supp.2d 472.

III. DISCUSSION

In his August 12 letter, Mr. Thomas argues that the BOP miscalculated his sentence and is not following this Court's order that his State and Federal sentences run concurrently. (Mot. at 1.) The Government asserts that Mr. Thomas' application is premature because has not raised the issue with his sentence computation with the BOP through its administrative grievance process. (See Opp. at 2.) As noted above, see supra at 2-3, broader interests in judicial economy and accuracy generally demand the exhaustion of administrative remedies prior to seeking

relief from the Court.  See Carmona, 243 F.3d at 634.  Accordingly, Mr. Thomas must appeal his sentence "in the first instance through the federal agency review process."  Id.

Construing Mr. Thomas' letter as a motion to challenge the computation of his lawfully imposed sentence pursuant to 28 U.S.C. § 2241, see supra at 2-3, the motion is, based on the record before the Court, premature.  Mr. Thomas requests in his August 12 letter that the Court intervene to correct the BOP's alleged error but does not describe any effort to pursue an administrative remedy through the BOP's grievance process prior to making his application.   Moreover, Mr. Thomas does not describe any "legitimate circumstances beyond [his] control" that preclude him from pursuing a remedy through the BOP's grievance process.  See Carmona 243 F.3d at 634. Because Mr. Thomas has, from what the Court can tell, not pursued any administrative remedy, his motion is denied as premature under § 2241's exhaustion requirement.  That denial, however, is without prejudice--Mr. Thomas may renew his request after he exhausts the administrative remedies offered by the BOP as required.

Notwithstanding the fact that Mr. Thomas' challenge of his sentence calculation is precluded by the exhaustion requirement, the Court is deeply skeptical of his argument that the BOP has improperly calculated his sentence.  This Court originally ordered that Mr. Thomas' federal sentence run concurrently with his state

court sentence. (Transcript, dated Sept. 10, 2019 [dkt. no. 1220], at 14-15.)   The BOP's calculations indicate that: (1) the Court imposed a total term of forty-eight months imprisonment;(2) that Mr. Thomas's federal sentence was imposed on September 10, 2019; (3) that Mr. Thomas is credited for time served from (i)October 8, 2017 to October 9, 2017 and (ii) November 3, 2017 to November 5, 2018; and (4) that Mr. Thomas is projected to be released on January 31, 2022. (See Opp. at 3-4.)   The time credited is the time Mr. Thomas served upon his arrest and prior to the imposition of his state sentence. (See id. at 3.)   The time Mr. Thomas has not been credited for is the time served after his state sentence was imposed and before his federal sentence was imposed.

The BOP is unable to grant credit for time spent in pre-sentence detention that has already been credited against another sentence.  Mr. Thomas may not "receive credit for both his state and federal sentences prior to the date that the federal sentence was imposed."  Arroyo 324 F. Supp.2d at 474.  This makes sense-- in fact, it would be impossible for his state and federal sentences to run "concurrently" when only the state sentence had been imposed.  Because the time Mr. Thomas is questioning was credited against his state sentence prior to the imposition of his federal sentence, it may not be credited towards his federal sentence.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, Mr. Thomas' motion seeking a correction to the computation of his sentence (dkt. no. 1286) is <u>DENIED</u> as premature.  That denial is without prejudice; Mr. Thomas may renew his request once he has exhausted the administrative remedies provided by the BOP.

The Clerk of the Court is respectfully directed to mail a copy of this order to Mr. Thomas.

**SO ORDERED.**

Dated:    New York, New York
          March 17, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge